IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **PATRICIA RAPP**, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) CASE NO. _____ |
| v. | ) ) ) |
| **AXT HOME CARE LLC d/b/a VISITING ANGELS**, | ) ) **COLLECTIVE AND CLASS ACTION** |
| – and – | ) **COMPLAINT** ) |
| **TRAVIS DUNHAM**, | ) **JURY DEMAND ENDORSED HEREON** ) ) |
| – and – | ) ) |
| **MAI DUNHAM**, | ) ) ) |
| Defendants. | ) |

Plaintiff Patricia Rapp file this class and collective action Complaint against Defendants Axt Home Care LLC d/b/a Visiting Angels, Travis Dunham, and Mai Dunham (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. (FLSA) and Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and the Ohio Overtime Law.

2. Plaintiff brings this case as a collective action individually and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

1

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of others like her who worked for Defendants in Ohio and who suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff resides in Sabina, Ohio (Clinton County), and was jointly employed by Defendants within this district and division. Plaintiff's written consent to join form is attached as **Exhibit A**.

8. Defendant Axt Home Care LLC (Defendant Axt) is an Ohio limited liability company which does business in Ohio under the trade name "Visiting Angels", and which is headquartered at 36 E. Locust St., Wilmington, OH 45177 (Clinton County). Defendant Axt can be served through its statutory agent: TXM Inc., at 6522 Grand Cypress Way, Mason, OH 45040.

9. Defendants Travis and Mai Dunham (Defendants Dunhams) are individuals with a last known residential address of 6522 Grand Cypress Way, Mason, OH 45040. Defendant Mai

Dunham is formerly known as Mai Duong. Defendants Dunhams are husband and wife who jointly own and operate Defendant Axt.

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

10. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Overtime Law.

11. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendants.

12. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendants jointly employed Plaintiff and those similarly situated as hourly, non-exempt employees such as Home Health Aides (HHAs).

14. Plaintiff worked for Defendants as an HHA from approximately May 22 to November 23, 2020. Her hourly rate was approximately $11.

15. Defendants individually and jointly operate as an enterprise providing in-home senior care "in Clinton, Fayette, Highland, Brown, Ross, Pike and Southern Pickaway Counties" of Ohio.[1]

16. Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated, including supervising and controlling schedules and conditions of employment.

---

[1] *See* https://www.visitingangels.com/senior-homecare-wilmington-ohio-45177_1066 (last viewed 6/17/21).

3

17. Defendants shared authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

18. Defendants shared authority to set rates and methods of compensation of Plaintiff and others similarly situated.

19. Defendants shared control and maintenance of employment records.

20. Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

21. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

22. Defendants shared the services of Plaintiff and others similarly situated.

23. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

### Unpaid Location-to-Location Travel Time

24. Defendants do not pay their hourly homecare providers, including Plaintiff and those similarly situated, for time spent traveling from one client location to the next in the same workday, nor do Defendants count this time as hours worked for the workweek.

25. Such time is compensable under the continuous workday rule.

26. Plaintiff and those similarly situated work or worked more than 40 hours in a workweek. For example, Plaintiff sometimes worked 48 to upwards of 82 to 100 hours in a workweek.

27. Failure to pay this compensable time and failure to record it as time worked resulted in unpaid overtime in any weeks where an employee worked more than 40 hours in a workweek.

**Failure to Keep Accurate Records**

28. As a result of the company-wide policies and practices stated above, Defendants failed to make, keep and preserve records of the all hours worked by Plaintiff and other similarly situated employees, as required by the FLSA and Ohio law. To the extent accurate records were not kept, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly homecare providers, including but not limited to HHAs, employed by Defendants and who worked at more than one location in the same workday from the 3 years preceding the filing of this Complaint through final disposition of this action ("FLSA Collective").**

31. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practices of failing to pay them all overtime hours worked.

32. The FLSA Collective members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

**OHIO RULE 23 CLASS ACTION ALLEGATIONS**

34. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

**All present and former full-time hourly homecare providers, including but not limited to HHAs, employed by Defendants in Ohio and who worked at more than one location in the same workday from the 2 years preceding the filing of this Complaint through final disposition of this action ("Ohio Class").**

35. The Ohio Class is so numerous that joinder of all class members is impracticable.

36. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to pay them for all hours worked such as location-to-location travel time in the same workday, whether such unpaid hours resulted in unpaid overtime, and whether such overtime remains unpaid.

37. Plaintiff's claims are typical of the those of the Ohio Class members. Defendants need only identify the putative class members that were scheduled for and worked more than one location within the same workday.

38. Plaintiff will adequately protect the interests of the Ohio Class members. Plaintiff's interests are not antagonistic to, but rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

39. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class are common and typical to each class as a whole and predominate over any questions affecting only individual class members.

40. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims

6

individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiff brings this claim for violation of the FLSA's overtime provisions individually and on behalf of the opt-ins who join this case pursuant to 29 U.S.C. § 216(b).

43. Defendants are covered by the FLSA and the FLSA Collective members are not exempt from the protections of the FLSA.

44. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

45. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

46. Defendants have a companywide policy of not paying the FLSA Collective members for compensable work, such as location-to-location travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

47. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

48. Section 16(b) of the FLSA entitles Plaintiff and those similarly situated to an award of unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fee, and costs.

49. As a result of Defendants' practices, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Class Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the Ohio Overtime Law.

52. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

53. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

54. As employees of Defendants, Plaintiff and the Ohio Class members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

55. Defendants had a companywide policy of not paying the Ohio Class members for compensable work, such as location-to-location travel, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

56. Plaintiff and the Ohio Class members are not exempt under the Ohio Overtime Law.

57. Defendants' practice and policy of not paying Plaintiff and the Ohio Class members all overtime compensation earned at one and one-half times their regular rate of pay violated the Ohio Overtime Law.

58. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Overtime Law.

59. As a result of Defendants' practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Overtime Law; and because wages remain unpaid, damages continue.

60. Pursuant to Ohio law, Plaintiff is entitled to attorneys' fees and costs incurred.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of other members of the class/collective, seek the following relief:

A. An Order certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the FLSA claim;

B. An Order certifying this action as a class action with respect to the Ohio Overtime Law claims;

C. Liquidated damages to the fullest extent permitted under the FLSA;

D. Litigation costs, expenses, and attorneys' fees;

E. Pre-judgment and/or post-judgment interest at the statutory rate; and,

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

                */s/ Robi J. Baishnab*
                *Counsel for Plaintiff*