**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA RAPP, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,** | : : : | **CASE NO. 1:21-CV-420** |
| | : | **Judge Douglas R. Cole** |
| **PLAINTIFFS,** | : : | **Magistrate Judge Karen L. Litkovitz** |
| | : | |
| **V.** | : : | |
| **AXT HOME CARE LLC D/B/A VISITING ANGELS, ET AL.,** | : : | **JOINT MOTION TO APPROVE SETTLEMENT** |
| **DEFENDANTS.** | : : | |

Now come the parties, by and through undersigned counsel, and hereby move the

Court for approval of the Settlement Agreement resolving Representative Plaintiff's and the Opt-

In Plaintiff's claims in the Complaint filed on June 21, 2021. A memorandum in support is attached

hereto. The following are attached for the Court's approval: **Exhibit 1** (Settlement Agreement and

Release); **Exhibit 2** (Declaration of Robi J. Baishnab); and, **Exhibit 3** (Proposed Order Approving

Settlement).

Respectfully submitted,

/s/ Robi J. Baishnab
Robi J. Baishnab (0086195)
Nilges Draher LLC
1360 E. 9th St, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
(330) 754-1430-fax
rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Nilges Draher LLC
7034 Braucher Street, NW, Suite B
North Canton, Ohio 44720
(330) 470-4428
(330) 754-1430-fax
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

*Attorneys for Plaintiffs*

/s/ Matthew S. Okiishi (with permission)
Matthew S. Okiishi (0096706)
Stephen E. Imm (0040068)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
matt@finneylawfirm.com

*Attorney for Defendants*

## MEMORANDUM IN SUPPORT

### A.  BACKGROUND

On June 21, 2021, Representative Plaintiff Patricia Rapp filed a collective and class action complaint in the Southern District of Ohio, Eastern Division against Defendants Axt Home Care LLC d/b/a Visiting Angels, Travis Dunham, and Mai Dunham for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("the Action"). Specifically, Representative Plaintiff alleged that Defendants failed to pay her and other similarly situated homecare providers for job-to-job travel in the same workday, which resulted in unpaid overtime in violation of the FLSA and Ohio law. (Doc. 1). On August 2, 2021, Defendants filed their Answer, and filed an Amended Answer on August 11, 2021, in which Defendants denied, and continue to deny, any liability under the FLSA and Ohio law. (Doc. 9). However, recognizing the risks and expenses of litigation, the parties have reached a good faith, arms-length settlement of the above-captioned matter. (Baishnab Decl. at ¶13).

On November 16, 2021, pursuant to the Parties' stipulation, the Court conditionally certified the following FLSA collective class: All present and former full-time hourly homecare providers, including but not limited to HHAs, employed by Defendants and who worked at more than one location in the same workday from June 21, 2018, through final disposition of this action. (Doc. 15).

After Court-supervised notice was sent to all potential collective members on November 16, 2021, a total of 44 individuals opted in to the action. (Docs. 15, 1, 10, 16-17, 19-24). Based on time, pay, and location data produced by Defendants, only 22 individuals have any damages. The other 22 individuals did not work full-time and/or did not work at more than one location in the same workday, and therefore had zero damages. As further explained in the Agreement, these 22

2

individuals who do not have any damages were withdrawn, without prejudice. (Agreement at ¶¶5, 22, 28-29; Docs. 25, 27). Plaintiffs' Counsel's final damages model was shared with Defendants. (Agreement at ¶¶4-6; Baishnab Decl. at ¶14).

The parties, through their counsel, engaged in good-faith settlement negotiations to resolve this matter and on June 3, 2022, they filed their Joint Notice of Settlement. (Agreement at ¶7). The Defendants have agreed to pay a gross settlement amount of $23,000.00, which will be used to pay individual payments to the 22 eligible Opt-In Plaintiffs with damages, a modest service award to Named Plaintiff Rapp, and attorneys' fees and costs. (*Id*. at ¶¶13, 26-27).

**B. THE SETTLEMENT TERMS ARE A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE, AND SHOULD BE APPROVED BY THE COURT.**

In reviewing a settlement in an FLSA action, the Court must determine whether the proposed settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lopez v. Silfex, Inc.*, Case No. 3:21-cv-61, 2021 U.S. Dist. LEXIS 232508, *9 (S.D. Ohio Dec. 3, 2021).

In this case, the Parties are engaged in a bona fide dispute, or put another way there is "some doubt that the plaintiff-employee(s) would succeed on the merits throughout litigation of the FLSA claims." *Id*. at 11. In this case, there is no direct authority in this Circuit as to the specific job-to-job travel time Plaintiffs seek to be compensated for, and the case law found that does support Plaintiffs' position has only been applied to transit bus operators, as opposed to home health aides. *See e.g.*, *Local 589, Amalgamated Transit Union v. Mass. Bay Transp. Auth.*, 94 F. Supp. 3d 47 (D. Mass. 2015), and *Estorga v. Santa Clara Valley Transp. Auth.*, No. 16-cv-02668-BLF, 2019 U.S. Dist. LEXIS 1918 (N.D. Cal. Jan. 4, 2019) (holding travel time between "split shifts" compensable). Accordingly, a significant source of dispute is whether the present lack of direct authority has further implications for whether a two-year or three-year statute of limitation applies, whether liquidated damages can be recovered, and the overall basis of recovery.

3

1.  The proposed settlement is fair and reasonable.

The court presiding over an FLSA action may approve a proposed settlement of the action

under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton*

*Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)). In determining whether

the proposed settlement is fair and reasonable, the Court may consider the following six factors:

(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery

completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any

release provision in the settlement agreement; (5) the experience and views of counsel and the

opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Lopez*, 2021 U.S.

Dist. LEXIS 232508, at *13.

As to the first factor, the proposed Settlement is at the top of the Collective's range of

possible recovery.[1] For example, the 22 eligible Plaintiffs will receive a total of $3,834.00,

reflecting 100% of alleged unpaid overtime and 100% liquidated damages, as calculated by

Plaintiffs' Counsel using the records provided by Defendants. Opt-In Plaintiffs Baase, Camp,

Gulley, and Lee incurred overtime less than $25, and will receive an additional amount to ensure

that each Plaintiff and Opt-In Plaintiff receives a minimum of $25. The average payment exceeds

$174. (Baishnab Decl. at ¶15; Agreement at ¶22). This factor weights in favor of the settlement.

Moreover, the parties engaged in good faith informal discovery of the relevant issues to

this case. Defendants' Counsel represented that all relevant records from Defendants were

produced to Plaintiffs' Counsel. Plaintiffs' Counsel used these records to determine the potential

liability of Defendants and shared the damages calculations with Defendants' Counsel. (Baishnab

Decl. at ¶14). Accordingly, the parties have an adequate appreciation of the merits of the case, weighting the second factor in favor of settlement. *Lopez*, supra, at *17. Had litigation proceeded, the parties would likely engage in costly discovery, including written discovery and depositions. Further, there is a significant risk that litigation may result in a lesser award to the collective, and possibly no monetary payment at all. Additionally, even if Representative Plaintiff had prevailed at trial, there are legitimate concerns of collectability considering the size of Plaintiffs' employers. The settlement provides relief to Representative Plaintiff and the eligible Opt-In Plaintiffs in a prompt and efficient matter, and continued litigation would be of an uncertain duration, cost, and result. (Baishnab Decl. at ¶16). *Lopez*, supra, at *18-19.

In this case, the Settlement Agreement, in conjunction with the scope of the opt-in forms submitted by the Plaintiffs, pertains only to the wage claims brought in the Complaint as to those individuals who affirmatively opted in. (*See also*, Agreement at ¶19). This is in line with the explicit purpose of the collective action mechanism. 29 U.S.C. § 216(b)(*"*[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.") Additionally, by agreeing to participate in the collective action, each opt-in affirmatively agreed to be bound by the settlement terms and are bound by the judgements of the Court. *Lopez*, supra, at *21 (citing *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) ("[u]ntil such consent [under 29 U.S.C. § 216(b)] is given, no person will be bound by or may benefit from judgment").

Further, as part of the effort to resolve this matter, Plaintiffs' Counsel spent a significant amount of time doing an expected value calculation, using a decision tree software called TreeAge Pro©. In this calculation, Plaintiffs' Counsel analyzed each potential risk of loss (*i.e.*, class

certification, summary judgment, trial, good-faith, willfulness) and assigned a probability value to each potential risk. The decision tree software compounded each of these probability values and applied those values to the estimated damages calculated by Plaintiffs' Counsel. This exercise allowed Plaintiffs' Counsel to fully appreciate the entire collective risk picture and economic value of the case. Here, the total settlement amount exceeds the calculated expected value, which supports Plaintiffs' Counsel opinion that the settlement is fair and reasonable (Baishnab Decl. at ¶17).[2]

As to the fifth and sixth factors, all parties are represented by legal counsel experienced in employment law and knowledgeable in the FLSA. There is no evidence of any collusion, and the Court may presume its absence. See e.g., *Crawford v. Lexington-Fayette Urban County Gov't*, CIVIL ACTION NO. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, *20 (E.D. Ky Oct. 23, 2008).

2. Representative Plaintiff Rapp should receive a service award for her efforts rendered to the Collective.

As the named Plaintiff to the above-captioned action, Ms. Rapp was the primary communicator with the Plaintiffs' Counsel, and her information was instrumental in the drafting of the lawsuit, arguing with Defendants' counsel during negotiations, and pushing this matter towards resolution. Her efforts have permitted Plaintiffs' Counsel to litigate the case thoroughly and effectively, making a modest award in recognition of her time and expense proper. (Baishnab Decl. at ¶18). *Crawford*, supra, *37. As such, the parties have agreed to a reasonable $1,000.00 service award to Representative Plaintiff Rapp, subject to Court approval, and respectfully seek the same. If this amount is approved by the Court, the payment of such a service award shall be deducted from the Gross Settlement Amount. (Agreement at ¶27.)

---

[2] The calculated expected value can be submitted to the Court for in camera review, if so directed.

3.   <u>The attorneys' fees are fair and reasonable, and costs should be reimbursed.</u>

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing Plaintiff with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134-1135 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502–03 (6th Cir. 1984)).

An attorneys' fee award must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "A reasonable fee is one that is 'adequate to attract competent counsel but . . . [does] not produce windfalls to attorneys.'" *Id.*; *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). "[T]he lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Rembert*, 986 F.3d at 616 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)). The Supreme Court observed that the lodestar figure "includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee[.]" *Rembert*, 986 F.3d at 616 (citing *Perdue*, 559 U.S. at 553).

"There is no numeric relationship required between the amount of economic losses recovered and the amount of fees recoverable. Thus, it is not uncommon for fee awards to exceed the amount recovered by plaintiffs in lost wages." *Brim v. Assurant, Inc.*, No. 3:21-cv-221, 2022

7

U.S. Dist. LEXIS 114735, at *2 (S.D. Ohio June 27, 2022)(approved settlement of $2,500, and fees and costs of $7,000); *Schraufl v. Riverside Local Sch. Dist.*, No. 1:19-CV-00175, 2019 U.S. Dist. LEXIS 242269, at *3 (N.D. Ohio Apr. 1, 2019) (citing, *Perrin v. John B. Webb & Assocs.*, No. 6:04-cv-399-Orl-KRS, 2005 U.S. Dist. LEXIS 35473, at *11-12 (M.D. Fla. Oct. 6, 2005)("in order for plaintiffs with minimal claims to obtain counsel, those counsel must be able to recover a reasonable fee for their time").[3]

Additionally, "[n]either the text nor the purpose" of the FLSA "supports imposing a proportionality limit on recoverable attorneys' fees." *Rembert*, 986 F.3d at 617 (citing *Fisher v. SD Protection Inc.*, 948 F.3d 593, 603 (2d Cir. 2020)). "The very reason that the FLSA . . . mandate an award of reasonable fees to prevailing plaintiffs is that the monetary value of their claims is often too small to support the cost of litigating them." *Rembert*, 986 F.3d at 617. Accordingly, "[w]hen the maximum recovery for an employee is relatively small because the unpaid overtime is relatively minor, an attorney may reasonably recover more than the employee." *Thompson v. United Stone, LLC*, No. 1:14-cv-224-CLC-SKL, 2015 U.S. Dist. LEXIS 24741, at *5 (E.D. Tenn. Feb. 9, 2015) (citing *Perdomo v. Sears, Roebuck & Co.*, No. 97-2822-CIV-T-17A, 1999 U.S. Dist. LEXIS 20881, 1999 WL 1427752, at *10 (M.D. Fla. Dec. 3, 1999). "In determining fee awards, courts should not 'become green-eyeshade accountants[,]' but instead must content themselves with 'rough justice[.]'" *Rembert*, 986 F.3d at 618 (further citations and quotations omitted).

---

[3] *See also Fegley*, 19 F.3d at 1134-35 (upholding award of $40,000 in fees even though Plaintiff recovered only $7,680 in damages); *Grodecki v. Workman Indus. Servs.*, No. 19-cv-1374, 2020 U.S. Dist. LEXIS 9323, at *4 (N.D. Ohio Dec. 12, 2019); Dkt. 17-1 (approving as reasonable fees $10,000, with $9,081.90 damages); *Batista v. Tremont Enters.*, No. 1:19CV361, 2019 U.S. Dist. LEXIS 121658, at *3 (ND Ohio July 22, 2019) ("[T]he Court finds that the proposed attorneys' [to Nilges Draher LLC] fees are reasonable," with a settlement of $7,500.00, and $3,401.05 in fees and $2,598.95 in costs).

Here, of the Gross Settlement Amount, $19,166.00 represents attorneys' fees ($15,735.00) and costs ($3,431.00) incurred by Representative Plaintiff in the prosecution of this action. Plaintiffs' Counsel invested significant time securing a stipulated collective, communicating with the third-part notice administrator, analyzing documents, comparing produced time and location records with Google maps to ensure accuracy, communicating with Representative Plaintiff and Opt-in Plaintiffs to assess facts, researching applicable law and employer information, conferring with Defendants' Counsel during negotiations, and pressing the matter towards resolution rather than costly trial and potential appeal. As of this filing, Plaintiffs' Counsel expended over 92 billable hours, totaling over $25,000 in fees. The requested fee of $15,735, therefore, results in an effective hourly rate of approximately $174. The time expended and billable rate requested is well within reasonable rates for these types of cases. (Baishnab Decl. at ¶19).

Plaintiffs' Counsel took this case on a contingency basis only. As such, they have not been compensated for any time or expenses since the litigation began, but they were prepared to invest their time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind. Expenses of $3,431.00 at the time of settlement were incurred in the course of this action for the purpose of preserving, proving, and presenting Plaintiffs' claims. Costs include filing fee, service, client communications and postage, and FLSA notice. These costs are relatively nominal, considering the potential costs that Plaintiff would have incurred had they proceeded with discovery and trial. (*Id.* at ¶20).

Additionally, because of the Court's standing order regarding fee applications, Plaintiffs' Counsel has consistently notified Defendants' Counsel of incurred fees on a quarterly basis. The parties stipulate that this amount is reasonable, is below Plaintiffs' lodestar amount of time incurred, and represents a good faith agreement to accept a lower attorneys' fee without impacting

the recovery of the Plaintiff and Opt-In Plaintiffs, who are being made whole as a result of this settlement. (Ex. A at ¶26; Baishnab Decl. at ¶21).

### C. CONCLUSION

In light of the foregoing, the parties respectfully request that the Court grant approval to the proposed settlement, dismiss the action with prejudice as to all Opt-in Plaintiffs, and retain jurisdiction solely for the effectuation of the settlement.

Respectfully submitted,

| | |
|---|---|
| */s/ Robi J. Baishnab* | */s/ Matthew S. Okiishi (with permission)* |
| Robi J. Baishnab (0086195) | Matthew S. Okiishi (0096706) |
| Nilges Draher LLC | Stephen E. Imm (0040068) |
| 1360 E. 9th St, Suite 808 | Finney Law Firm, LLC |
| Cleveland, OH 44114 | 4270 Ivy Pointe Blvd., Suite 225 |
| Telephone: (216) 230-2955 | Cincinnati, Ohio 45245 |
| (330) 754-1430-fax | (513) 943-5678 |
| rbaishnab@ohlaborlaw.com | (513) 943-6669-fax |
| | stephen@finneylawfirm.com |
| | matt@finneylawfirm.com |
| Hans A. Nilges (0076017) | |
| Shannon M. Draher (0074304) | *Attorney for Defendants* |
| Nilges Draher LLC | |
| 7034 Braucher Street, NW, Suite B | |
| North Canton, Ohio 44720 | |
| (330) 470-4428 | |
| (330) 754-1430-fax | |
| hans@ohlaborlaw.com | |
| sdraher@ohlaborlaw.com | |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed on the 5th day of July 2022 and electronically served upon all counsel of record on the same date through the CM/ECF of the USDC for the Southern District of Ohio.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Attorney for Plaintiffs*