### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**PATRICIA RAPP,**

       **Plaintiff,**

                                   **Case No. 1:21-cv-420**
    **v.**                               **JUDGE DOUGLAS R. COLE**

**AXT HOME CARE, LLC d/b/a VISITING
ANGELS, et al.,**

       **Defendants.**

### <u>ORDER GRANTING APPROVAL OF FLSA SETTLEMENT</u>

This matter is before the Court on the Parties' Joint Motion to Approve Settlement (the "Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act (the, "FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA collective settlement reached by Representative Plaintiff Patricia Rapp and Defendants Axt Home Care LLC d/b/a Visiting Angels, Travis Dunham, and Mai Dunham (collectively, the "Parties") and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement")[1] attached to the Joint Motion as Exhibit 1.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Robi J. Baishnab, the Declaration of Matthew J.P. Coffman, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this stipulated Order approving the Agreement, the proposed

---

[1] All capitalized terms not defined in this Joint Motion shall have the meanings ascribed to them in the Agreement.

Service Award, and the proposed Attorneys' Fees and Costs to Plaintiffs' Counsel, as follows:

1. On June 21, 2021, Representative Plaintiff Patricia Rapp filed a collective and class action complaint in the Southern District of Ohio, Eastern Division against Defendants Axt Home Care LLC d/b/a Visiting Angels, Travis Dunham, and Mai Dunham for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("the Action"). Specifically, Representative Plaintiff alleged that Defendants failed to pay her and other similarly situated homecare providers for job-to-job travel in the same workday, which resulted in unpaid overtime in violation of the FLSA and Ohio law.

2. On August 2, 2021, Defendants filed their Answer, and filed an Amended Answer on August 11, 2021, in which Defendants denied, and continue to deny, any liability under the FLSA and Ohio law.

3. On November 16, 2021, pursuant to the Parties' stipulation, the Court conditionally certified the following FLSA collective class: All present and former full-time hourly homecare providers, including but not limited to HHAs, employed by Defendants and who worked at more than one location in the same workday from June 21, 2018, through final disposition of this action.

4. On June 3, 2022, the Parties filed their Joint Notice of Settlement.

5. The Settlement will cover the individuals listed in Exhibit B of the Agreement.

6. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and the Opt-In Plaintiffs. The Court has considered all relevant factors, including: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)); *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

7. The Court approves the Agreement and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

8. The Court finds that the proposed allocation and calculation of the settlement payments are fair and reasonable and approves the proposed distribution

of the Individual Settlement Payments, Service Award, and Attorneys' Fees and Costs.

9.      The Court grants final approval of the Settlement.

10.     The Court dismisses this matter with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

11.     The Court retains jurisdiction over this Action to enforce the terms of the Settlement, including the notice administration and distribution process.

**SO ORDERED.**

July 21, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

- 4 -